# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the matter of:

**David Berry,**                                  Case No. 14-55608-MBM
                                                                       Chapter 7
                        Debtor.                              Hon. Marci B. McIvor

_____/

## ORDER GRANTING CHAPTER 7 TRUSTEE KENNETH A. NATHAN'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE OF ANY INTEREST AND TO APPROVE CARVEOUT/SURCHARGE AND DENIAL OF DEBTOR'S EXEMPTION IN RESIDENCE

Kenneth A. Nathan, the Chapter 7 Trustee ("Trustee"), moved the Court for authority to sell the property located at 9355 Beck Road, Plymouth, Michigan 48170; Trustee served parties in interest with notice of the Motion and objections having been filed; a hearing was held on August 11, 2015 at 9:00 a.m.; the Court having heard oral argument; and for the reasons set forth on the record:

**IT IS HEREBY ORDERED** that:

1. The proposed sale of the Property on the terms indicated in the Purchase Agreement attached to Trustee's Motion is approved; and

2. Trustee *may* sell the Real Property located at 9355 Beck Road, Plymouth, Michigan 48170.

3. The title company selected to close the sale contemplated by this order will accept this order as evidence that Trustee is authorized to close a sale.

4. At closing, Trustee will pay:

   - The realtor's commission of 6% of a $330,000.00 sales price;
   - Real property taxes;
   - Any costs associated with maintaining the property, including, without limitation, lawn-cutting, landscaping, and clean-up; and

- Transfer taxes and any other costs associated the sale, including, without limitation, the first mortgage amount, outstanding utilities, and water bill.

5. The Estate is authorized to receive $37,775.00 from the net sale proceeds as a carveout/surcharge from the Second Mortgage Holder's proceeds of sale. The Second Mortgage Holder will be entitled to the balance of the net proceeds.

6. The Debtor's exemption in the Property is denied and he shall receive no funds from the sale of the Property.

7. Subject to the requirements applicable to proofs of claim provided for in the Bankruptcy Code and all applicable bankruptcy rules, the Second Mortgage Holder may file an unsecured claim for any deficiency balance owing to it after receipt of the net proceeds..

8. Under 11 U.S.C. § 363(f), the Property will be sold free of any interests.

9. The sale of the Property, including improvements and fixtures, will be by a Trustee's Deed, on an "as is, where is" basis, as of the date of the order approving sale, without representation or warranty, express or implied, of any kind, nature, or description including, without limitation, warranties of merchantability, habitability, useability, or fitness for any particular purpose.

10. This Order may be recorded or filed with the Wayne County Register of Deeds as evidence that the Property has been transferred free and clear of all liens, claims and encumbrances.

11. Trustee may execute any documents or agreements and perform any acts that may be necessary and appropriate to implement, effectuate, and consummate the sale, including adjusting the purchase price or making other concessions.

12. Debtor shall vacate the Property on or before closing occurs.

13. All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this Order.

14. The 14-day stay provided for in F.R.Bankr.P. 6004(h) will have no effect with respect to the sale, and this Order is effective and enforceable immediately upon entry.

.

```
Signed on August 11, 2015
                                 /s/ Marci B. McIvor
                               Marci B. McIvor
                               United States Bankruptcy Judge
```